UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MARTIN ROBINSON,**

          **Plaintiff,**

   v.

**LONNIE BUTLER, et al.,**

          **Defendants.**

**Case No. 2:21-cv-774**
**Judge Sarah D. Morrison**
**Magistrate Judge Jolson**

## REPORT AND RECOMMENDATION AND ORDER

Plaintiff Martin Robinson, an inmate at Madison Correctional Institution who is proceeding *pro se*, filed the instant action in the U.S. District Court for the Northern District of Ohio at Cleveland on February 17, 2021. (Doc. 1). After determining that neither Plaintiff nor any Defendant resides in the Northern District, that Court transferred Plaintiff's case to this Court. (Doc. 2). Upon transfer, the Clerk entered a Notice of Deficiency, directing Plaintiff to either pay the filing fee or submit a motion for leave to proceed *in forma pauperis*. (Doc. 4). Shortly thereafter, Plaintiff paid the full filing fee. (Doc. 5).

This matter is before the Court on an initial screen of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A, as well as on Plaintiff's Motion to Appoint Counsel. (Docs. 1, 7). Having performed that initial screen, the Undersigned **RECOMMENDS** Defendant Ohio Department of Rehabilitation and Correction ("ODRC") be **DISMISSED**, and that Plaintiff be permitted to proceed with his claims against the remaining Defendants. Furthermore, Plaintiff's Motion to Appoint Counsel (Doc. 7) is **DENIED**.

I. BACKGROUND

As established, Plaintiff is a *pro se* prisoner currently incarcerated at Madison Correctional Institution. (Doc. 1 at 3). Plaintiff brings this suit against the following Defendants: (1) Highway Patrol Officer Lonnie Butler; (2) ODRC; (3) ODRC Director Annette Chambers-Smith; (4) ODRC Assistant Director Stuart Hudson; (5) Chief Inspector Chris Lambert Williams; Lieutenants (6) Ross and (7) Reed; (8) Sargent Huffman; (9) Unit Manager Miller; Corrections Officers (10) Gaus, (11) Hahn, (12) Householder (13) Patterson, (14) Harris and (15) Portis; (16) Case Manager Conley; as well as a nine (9) unnamed corrections staff. (*See generally* Doc. 1).

The following allegations are taken from Plaintiff's Complaint. In retaliation for Plaintiff being a "whistleblower[,]" Defendants subjected him to "excessive force, unreasonable harassment, unusual torture, [as well as] physical and mental abuse . . . " (*Id.*, ¶ 1). In August 2019, "different prison officials started informing other inmates that [Plaintiff] used to be a former correctional officer [and] purposely, maliciously and sadistically placed [his] life in danger, claiming that . . . he would be killed." (*Id.*, ¶ 2).

After Plaintiff was the victim of several "attacks and false conduct reports" by guards and inmates, he requested to be segregated from general population. (*Id.*). That request was denied. (*Id.*). Although Plaintiff contacted Defendants Chambers-Smith and Hudson "many times[,]" about these attacks, they "failed to intervene[,] allowing [Plaintiff] to be beaten and attacked on many more occasions." (*Id.*, ¶ 4). "On many occasions and up to date [Plaintiff] has been denied [the] right to file grievances although he has managed to inform individuals on every level [about these attacks] . . . " (*Id.*, ¶ 4). By perpetrating and refusing to investigate these attacks each Defendant has "arbitrar[ily] [and] unlawful[ly]" deprived Plaintiff of his constitutional rights. (*See generally id.*).

2

The complaint, although not a model of clarity, asserts federal claims for 8th Amendment cruel and unusual punishment, due process, and deliberate medical indifference. (*Id*.). Plaintiff seeks injunctive relief as well as any "further relief as the Court may deem necessary . . ." (*Id*. at 7).

## II. LEGAL STANDARD

"District courts are required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee . . . as the statute does not differentiate between civil actions brought by prisoners." *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997). Accordingly, the Court must dismiss the complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "A claim is frivolous if it lacks 'an arguable basis either in law or in fact.'" *Flores v. U.S. Atty. Gen.*, No. 2:14-CV-84, 2014 WL 358460, at *2 (S.D. Ohio Jan. 31, 2014) (quoting *Neitzke v. Williams,* 490 U.S. 319, 325 (1989)). This occurs when "indisputably meritless" legal theories underlie the complaint, or when a complaint relies on "fantastic or delusional" allegations. *Flores*, 2014 WL 358460, at *2 (citing *Neitzke*, 490 U.S. at 327–28).

In reviewing a complaint, the Court must construe it in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, a court is not required to accept factual allegations set forth in a complaint as true when such factual allegations are "clearly irrational or wholly incredible." *Ruiz v. Hofbauer,* 325 F. App'x 427, 429–30 (6th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

3

for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In sum, although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required. *Wells v. Brown*, 891 F. 2d 591, 594 (6th Cir. 1989).

**III. DISCUSSION**

At the outset, the Undersigned notes, that ODRC is not a proper defendant in this action. As a state agency, ODRC is absolutely immune from suit in this Court by virtue of the Eleventh Amendment to the United States Constitution. *See Regents of Univ. of Calif. v. Doe*, 519 U.S. 425, 429, 117 S. Ct. 900, 137 L.Ed.2d 55 (1997) (holding Eleventh Amendment sovereign immunity applies to "state agents and instrumentalities"); *Tackett v. Ohio Dep't of Rehab. & Corr.*, No. 2:10-cv-979, 2011 WL 5076401 at *3 (S.D. Ohio Oct. 25, 2011) ("ODRC is a state agency and therefore enjoys Ohio's sovereign immunity."). Moreover, a state agency is not a "person" subject to suit under 42 U.S.C. § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989). Accordingly, the Undersigned **RECOMMENDS** ODRC be dismissed from this case.

Furthermore, accepting all well-pleaded factual allegations as true, at this stage of the proceedings the Undersigned **RECOMMENDS** Plaintiff be permitted to proceed with his claims against the remaining Defendants.

Also, because this action has not yet progressed to the point that the Court is able to evaluate the merits of Plaintiff's claim, the Undersigned will not appoint counsel at this time. *See Henry v. City of Detroit Manpower Dep't*, 763 F.2d 757, 760 (6th Cir. 1985) (en banc) ("[I]n considering an application for appointment of counsel, district courts should consider plaintiff's financial resources, the efforts of plaintiff to obtain counsel, and whether plaintiff's claim appears

to have any merit."). Accordingly, Plaintiff's Motion to Appoint Counsel (Doc. 7) is **DENIED** without prejudice.

IV. **CONCLUSION**

Having preformed the initial screen pursuant to 28 U.S.C § 1915A, the Undersigned **RECOMMENDS** Defendant ODRC be **DISMISSED**, and that Plaintiff be permitted to proceed with his claims against the remaining Defendants. Furthermore, Plaintiff's Motion to Appoint Counsel (Doc. 7) is **DENIED**.

### Procedure on Objections to Report and Recommendation

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: March 19, 2021         /s/Kimberly A. Jolson
                             KIMBERLY A. JOLSON
                             UNITED STATES MAGISTRATE JUDGE

5