# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

MARTIN ROBINSON,

                Plaintiff,    :    Case No. 2:21-cv-774

                                  District Judge Sarah D. Morrison
- vs -                                Magistrate Judge Michael R. Merz

OHIO STATE PATROL LONNIE
BUTLER, et al.,

                Defendants.    :

## NOTICE TO PLAINTIFF; DECISION AND ORDER

      This case is before the Court on a newly-filed Motion to Dismiss (ECF No. 72). Plaintiff is hereby notified that he is required to file any memorandum in opposition not later April 22, 2022[1], under S. D. Ohio Civ. R. 7.2.

      The instant Motion repeats the argument previously made by Defendants that the Complaint in this case is not proper because it has been signed by either the Plaintiff himself or by an attorney-at-law licensed to practice before this Court. Instead, someone purportedly holds a power of attorney from Plaintiff has signed. 28 U.S.C. § 1654 provides that "parties may plead and conduct their own cases personally or by counsel." The disjunctive "or" in the statute means

---

[1] S. D. Ohio Civ. R. 7.2 provides twenty-one days for a response to a motion. Fed.R.Civ.P. 6 adds three days because Plaintiff has been served by mail (ECF No. 72, PageID 379).

1

that a litigant must choose between proceeding *pro se* and proceeding with the assistance of counsel. *United States v. Jimenez-Zalapa*, 2007 WL 2815563 (W.D. Tenn. 2007)(Breen, J.); *see also United States v. Mosely,* 910 F.2d 93, 97-98 (6th Cir. 1987)*; United States v. Vampire Nation*, 451 F.3d 189 (3rd Cir. 2006). In any response to the Motion, Plaintiff must respond to this argument.

In the interest of concentrating the focus of the parties on the instant Motion, the Magistrate Judge finds ECF No. 43 to be MOOT. Plaintiff's Motion for Default Judgment (ECF No. 59) is DENIED because Plaintiff has not shown that any of the Defendants named in the Motion is in fact in default for want of an appropriate response to the Complaint. ECF No. 63 is denied without prejudice to its renewal at a time when admission of evidence is needed in the case; the request for extension of time included in the Motion is DENIED AS MOOT.

Plaintiff's Renewed Motion for Default (ECF No. 66) is denied because Plaintiff has not shown that any of the Defendants named in the Motion is in fact in default for want of an appropriate response to the Complaint. Plaintiff's Motion to Add Exhibit D (ECF No. 66) is denied without prejudice to its renewal at a time when admission of evidence is proper in the case.

Plaintiff's Renewed Motion for Hearing (ECF No. 67) is denied for failure to show entitlement to the relief sought of adding a person to the list of approved visitors. The relief sought is in the nature of preliminary injunctive relief, but Plaintiff has not shown what right he believes he has to this relief.

Finally, Plaintiff has renewed his request for appointment of counsel (ECF No. 69). While the Court has authority to appoint counsel in a case such as this, it does not have the resources to do so. Congress has not appropriated sufficient funds to allow payment of attorneys in these cases

and the Court lacks authority to compel an attorney to handle the case without payment of a fee.

*Mallard v. U.S. Dist. Court, S.D. Iowa*, 490 U.S. 296 (1989).

March 29, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge
