# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

MARTIN ROBINSON,

        Plaintiff,    :    Case No. 2:21-cv-774

                District Judge Sarah D. Morrison
- vs -                Magistrate Judge Michael R. Merz

OHIO STATE PATROL LONNIE
BUTLER, et al.,

        Defendants.    :

## REPORT AND RECOMMENDATION

This case is before the Court on the Motion to Dismiss of Defendants Annette Chambers-Smith and Stuart Hudson and the Renewed Motion to Dismiss or Strike of the State of Ohio (ECF No. 72)(collectively, the "Moving Defendants"). Upon its filing, the Magistrate Judge notified Plaintiff that he was required by S. D. Ohio Civ. R. 7.2 to respond not later than April 22, 2022 (ECF No. 73).

Plaintiff has responded with a single document that he has captioned a

> "Minitature [sic] Memo in Opp. to Doc. 72; Motion for Extension of Time to Support; Response and Objections to Mag. Merz Mar. 30, 2022, Notice; Decision and Order; Instant 1983 Complaint Against Congress U.S.; Renewed Motion to Schedule or Conference; Renewed Motion to Schedule Jury Trial Date; Renewed Motion for Counsel; Reserve or Preserve the Right to Add

1

>   to This; Motion to Stay or Abey, Not to Cause Delay, But for Good
>   Cause."

(ECF No. 74).

In the Magistrate Judge's Notice to Plaintiff, he noted that a principal objection made by all three moving Defendants was that the Complaint herein has not been signed by Plaintiff as required by Fed.R.Civ.P. 11 (ECF No. 72). Instead, it purports to be signed by someone whose signature is unintelligible but who purports to be acting pursuant to a power of attorney from Plaintiff (See Complaint, ECF No. 1, PageID 8).

As the Moving Defendants point out, Fed.R.Civ.P. 11 requires that every paper filed in a federal court be signed by an attorney or personally by a party who is unrepresented by counsel. Indeed the Rule mandates that unsigned papers be stricken.

In response, Plaintiff claims he has already explained how he was unconstitutionally prevented from signing the Complaint when it was filed (ECF No. 74, PageID 383). However, he does not tell the Court where that "already made" explanation appears in the record which is now more than four hundred pages long. He also claims that "he has attached his signature to the Complaint." *Id.* No such attachment has been made to the Complaint on file nor does the docket contain any reference to a separately filed signature page.

Perhaps more significantly, Robinson questions why we care. "Instead of worrying about a signature, why not instead worry [about] the harm continuing to be caused by Defts. collectively because of the lack of decorum, accountability, integrity, honesty, professionalism, discipline, prosecution, fines, suspensions, removals, ODRSC [sic] contractual agreements . . . humanity . . . ."[?] The substantive answer is that federal judges are not charged with managing prisons. The procedural answer is that any remedy the courts provide must be in accordance with law. The Federal Rules of Civil Procedure in many ways act as commands from the Supreme Court of the

2

United States to the lower federal courts and our place is to obey.  Trial courts are obliged to follow precedent and rules set by the Supreme Court and Courts of Appeals.  "Unless we wish anarchy to prevail within the federal judicial system, a precedent of this Court must be followed by the lower federal courts no matter how misguided the judges of those courts may think it to be."  *Hutto v. Davis*, 454 U.S. 370, 375 (1982);  *Litman v. Massachusetts Mut. Life Ins. Co.*, 825 F.2d 1506 (11th Cir. 1987).

The Magistrate Judge has denied Plaintiff's renewed motion for appointment of counsel on the ground that Congress has not appropriated funds for paying counsel and the Court is not authorized to compel attorneys to serve without pay.  (ECF No. 73, citing *Mallard v. U.S. Dist. Court, S.D. Iowa*, 490 U.S. 296 (1989)).  Robinson objects that the Court is responsible to maintain "a current contact list" of attorneys who will take these cases (ECF No. 74, PageID 383).  Not so.  The Court maintains a current list of attorneys who are willing to accept paid appointment in **criminal** cases in situations where the Federal Public Defender has a conflict of interest.  See 18 U.S.C. § 6006A.

Aside from what is outlined here, there is no substance to Robinson's "Miniature Memo in Opp."  In particular, the document does not contain the substance of any "1983 Complaint Against Congress[1]" or any reason to stay this case.  The case has now been pending for well over a year, and Plaintiff has still not filed a signed complaint.  It is therefore respectfully recommended that the Moving Defendants Motion to Strike be GRANTED and in the absence of a pleading that properly commence suit, the case be dismissed without prejudice for failure to prosecute.

---

[1] Assuming Robinson is referring to 42 U.S.C. § 1983, that statute operates against state actors, not Congress.

It is also recommended that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

April 27, 2022.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #