UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MARTIN ROBINSON,** | : | |
| Plaintiff, | : | |
| v. | | Case No. 2:21-cv-774<br>Judge Sarah D. Morrison<br>Magistrate Judge Michael R. Merz |
| **LONNIE BUTLER,** *et al.*, | : | |
| Defendants. | | |

## ORDER

Plaintiff Martin Robinson objects (ECF No. 81) to the Magistrate Judge's Report and Recommendation (R&R, ECF No. 78). The Magistrate Judge recommends the Court grant Defendants Annette Chambers, Stuart Hudson, and State of Ohio's Motion to Strike the Complaint (ECF No. 72). He further recommends this case be dismissed without prejudice for failure to prosecute because Plaintiff has not personally signed the Complaint.

Defendants move to strike the Complaint because it has not been signed by Plaintiff. (ECF No. 72, PageID 372–73.) A complaint filed in federal court must be signed by an attorney of record or personally by a party who is unrepresented by counsel. Fed. R. Civ. P. 11(a). Here, Plaintiff is unrepresented. Although Plaintiff has requested the Court appoint counsel for him, the Court cannot because Congress has not appropriated sufficient funds for paying attorneys in these types of cases and the Court will not compel an attorney to serve without payment. (R&R, PageID 413, citing *Mallard v. U.S. Dist. Court, S.D. Iowa*, 490 U.S. 296, 301–03 (1989).)

Because he is proceeding without counsel, Plaintiff was required to sign the Complaint. But he failed to do so – even after repeated admonishments. The purported power of attorney signature is insufficient. *McCoy v. Ohio*, 2020 WL 7480629, at *3 (N.D. Ohio Dec. 18, 2020). The Court, then, must strike the Complaint. Fed. R. Civ. P. 11(a) ("The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.").

For these reasons, this case must be dismissed for Plaintiff's failure to prosecute.

Accordingly, the Court **ADOPTS** the Magistrate Judge's R&R (ECF No. 78) and **OVERRULES** Plaintiff's Objections (ECF No. 81). Defendants' Motion to Strike (ECF No. 72) is **GRANTED**. The case is **DISMISSED** without prejudice for Plaintiff's failure to prosecute. The Court **CERTIFIES** that any appeal would be frivolous and not taken in good faith and, therefore, **DENIES** Plaintiff *in forma pauperis status* on appeal.

Defendant Lonnie Butler's pending Motion to Dismiss (ECF No. 79) is **DENIED AS MOOT**. Plaintiff's remaining Objections (ECF No. 74)[1] are **OVERRULED**. The Clerk shall terminate this case from the Court's docket.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**

---

[1] The Court need not consider the merits of these Objections because, regardless of their substance, the Complaint must be dismissed pursuant to Fed. R. Civ. P. 11.